UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TETHIN MURRAY,

                 Petitioner,

v.

WARDEN DONNA ZICKEFOOSE,

                 Respondent.

Civ. No. 11-5985 (RBK)

**OPINION**

## I. INTRODUCTION

Petitioner is a federal prisoner. He is proceeding *pro se* and is seeking habeas relief pursuant to 28 U.S.C. § 2241. At the time petitioner filed the instant petition he was incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey.[1] Petitioner raises three ineffective assistance of counsel claims arising from his guilty plea in his petition. For the following reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction.

## II. BACKGROUND

In May, 2003, petitioner pled guilty in the United States District Court for the Middle District of Alabama to aiding and abetting a bank robbery and aiding and abetting the use of a firearm during a crime of violence. *See Murray v. United States*, No. 09-770, 2011 WL

---

[1] A review of the Federal Inmate Locator reveals that petitioner is now incarcerated at F.C.I. Oakdale, in Oakdale, Louisiana. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=tethin&Middle=&LastName=murray&Race=U&Sex=U&Age=&x=55&y=25 (last visited on September 11, 2013). However, as petitioner was incarcerated within this District when he filed his petition, this Court will screen the petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see also Lee v. Zickefoose*, No. 12-130, 2012 WL 5403134, at *2 (D.N.J. Nov. 5, 2012) ("Jurisdiction is determined as of the time the petition is filed.")

2119349, at *1 (M.D. Ala. May 6, 2011), *report and recommendation adopted by*, 2011 WL 2081810 (M.D. Ala. May 26, 2011). In July, 2003, petitioner received a sentence of 211 months imprisonment. *See id.* at *1. Petitioner did not file a direct appeal. *See id.*

In September, 2004, petitioner filed a pleading in the Middle District of Alabama that was styled as a "Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of Jurisdiction in That the Indictment is Vague and Insufficient." *See id.* Petitioner rejected the Middle District of Alabama's stated intention to recharacterize that pleading as a § 2255 motion. *See id.* Accordingly, the Middle District of Alabama denied the pleading after determining that it could not recharacterize the pleading without petitioner's consent and the claims that the petitioner sought to advance in the pleading could only properly be presented in a § 2255 motion. *See id.* at *2.

In August, 2009, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court that was transferred to the Middle District of Alabama. *See Murray*, 2011 WL 2119349, at *2. Petitioner subsequently presented his claims in that petition in the Middle District of Alabama under the proper form for filing a § 2255 motion. *See id.* Ultimately, in May, 2011, the Middle District of Alabama determined that petitioner's § 2255 motion was time-barred. *See id.* at *3-5.

In October, 2011, petitioner filed the instant § 2241 petition in this Court. The instant petition raises three ineffective assistance of counsel claims; specifically:

> Ground One: Counsel advised me that I had to plead guilty to Count 2 of my indictment. "You plead guilty to 1 you plead guilty to the other."
> Ground Two: I was never advised that I could move for a separate trial. I would not have plead guilty to count 2 of my indictment.
> Ground Three: Counsel failed to file notice of appeal; therefore, I never had an opportunity to appeal my case.

2

(Dkt. No. 1 at p. 2-3.) Thereafter, the Court administratively terminated this case as petitioner had neither paid the $5.00 filing fee, nor submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the applicable filing fee and the case was reopened.[2]

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks and citation omitted).

---

[2] Petitioner also filed an application to proceed *in forma pauperis*. (*See* Dkt. No. 5.) However, as petitioner has paid the filing fee, his application to proceed *in forma pauperis* will be denied as unnecessary. Additionally, the Court notes that petitioner's statement of his prison account that he attaches to his application has not been certified by the appropriate prison official. *See* Local Civil R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a . . . petition for writ of habeas corpus . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

3

## IV. DISCUSSION

Petitioner seeks habeas relief under § 2241 related to his federal criminal conviction despite the fact that he previously filed an untimely challenge to his federal conviction under 28 U.S.C. § 2255. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, No. 13-2500, 2013 WL 4419333, at *1 (3d Cir. Aug. 20, 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, *the one-year statute of limitations has expired*, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (emphasis added and citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted).

4

"The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

In this case, petitioner does not allege facts to bring his petition within the *Dorsainvil* "safety valve." As previously stated, the Middle District of Alabama determined that petitioner's prior § 2255 motion was time-barred. However, this, in and of itself, does not satisfy the requirements of the "safety valve." *See Cradle*, 290 F.3d at 539 (noting that § 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired). Petitioner's contends that counsel was ineffective through the advice (or lack thereof) he received in connection with his guilty plea. Additionally, he claims that counsel was ineffective by failing to file an appeal. These ineffective assistance of counsel claims do not allege an intervening change in law that renders non-criminal the crimes for which petitioner was convicted to warrant applying the "safety valve." Instead, these claims are squarely within the

5

scope of § 2255, not the "safety valve." *Accord Hazel v. Smith*, 142 F. App'x 131, 132 (3d Cir. 2005) (per curiam) ("[C]laims of ineffective assistance of counsel . . . place his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent him from availing himself of it.") (citations omitted); *Sedlak v. United States*, No. 12-285, 2012 WL 832984, at *3 (M.D. Pa. Feb. 14, 2012) ("[C]ases construing *Dorsainvil*, and interpreting the interplay between the relief provided to federal prisoners under § 2255, and the remedy conferred by the writ of habeas corpus under § 2241, agree that 'Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'") (quoting *Piggee v. Bledsoe*, 412 F. App'x 443, 446 (3d Cir. 2011) (per curiam)) (remaining citations omitted), *report and recommendation adopted by*, 2012 WL 833028 (M.D. Pa. Mar. 12, 2012). Indeed, plaintiff raised his third ineffective assistance of counsel claim in the instant petition in his prior § 2255 motion. Accordingly, § 2241 is not available for these ineffective assistance of counsel claims and this court lacks jurisdiction to entertain this § 2241 petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. At the outset, the Court notes that petitioner's prior § 2255 motion was denied as time-barred. Furthermore, the claims in the instant petition do not appear to implicate the requirements that permit a second or successive § 2255 motion as stated in 28 U.S.C. § 2255(h).[3] Thus, the Court finds that it is not

---

[3] Title 28, Section 2255(h) provides that:

> A second or successive motion must be certified as provided by in section 2244 a panel of the appropriate court of appeals to contain -

in the interest of justice to transfer this action. However, this Opinion should not be construed as preventing petitioner from seeking leave to file a second or successive § 2255 motion in the appropriate Court of Appeals should he so choose.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed for lack of jurisdiction. An appropriate order will be entered.

September 12, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.